PENDLETON, President,
delivered the resolution of the court:
The practice of the general - court has been to consider the want of a declaration fatal- in every case, whether the judgment was adversary, or confessed; and that practice was applied to the present cause. But the judges of that court *have retracted their opinion, and concur, with the rest of us, in the judgment now to be delivered.
The time was when there were no forms, or pleadings; but the parties were heard viva voce, and judgment rendered in á summary way, upon the oral declarations of the plaintiff and defendant. This however was found inconvenient; and therefore written forms' were introduced, that, the case being described with precision on both sides, surprize and inadvertence might be prevented. But this, like other things liable to perversion, was soon abused; and special pleading with all its train of sub-tilties and new inventions succeeded, to the infinite delay of justice. This evil called forth the statutes of jeofail; which equally extend to judgments by confession and default; and, in both cases, were intended to prevent captious exceptions, where the defendant acknowledged, that justice had been done, or left it to be presumed, from his silence. Accordingly they provide, in' substance, that such judgments shall not be reversed for any defect, or omission, which does not go to the right of the cause. A principle which seems to embrace the case before the court, as the objection is to the form, and not to the right.
The use of a declaration, in an adversary suit, is, to inform the defendant of the nature of the charge: and, with that view, the act of assembly prescribes a nonsuit, where the declaration is. not filed, at the first calling. But this is a privilege, which, like others of a similar nature, the defendant may waive, as it concerns himself, and not the public. Thus, if the declaration is not filed, and the defendant consents to a continuance, he is presumed to waive his right to a nonsuit, and the cause remains in court. So, if the defendant wishing to save the expense of pleading and to gain time, agrees to confess a judgment, he ought to be understood, as consenting to relinquish all exceptions to the want of a declaration, or to any other matter of form.
In the present case, not only was the expense of the declaration and consequent pleadings saved, but the defendants were allowed to appear without bail, and obtained further *time to pay the debt. All, but particularly the last two, considerable advantages gained by confessing the judgment: which ought therefore to bind them.
It was objected however, that a declaration was necessary, in order to bar a future suit for the same thing, as the identity of the claim could not be made to appear without one. But that objection would apply, as was observed by the counsel, with equal force to all general counts in assumpsit; which are scarcely more explicit. Besides, if to such new suit, the recovery, in this, were to be pleaded, the plaintiff would be bound to shew two subsisting debts at the time of the former judgment, or he would not be able to sustain his action.
Upon the whole, the court are unanimously of opinion that, as a declaration in this case would have served no other purpose than to swell fees and papers, the judgment of the general court ought to be reversed, and that of the county court affirmed.